```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
BWP MEDIA USA, INC., et al.,                                      :
                                                                  :
                            Plaintiffs,                           :     14-CV-7947 (JMF)
                                                                  :
              -v-                                                 :     MEMORANDUM OPINION
                                                                  :            AND ORDER
KPOPSTARS, INC.,                                                  :
                                                                  :
                            Defendant.                            :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On May 20, 2015, the Court granted Defendant's motion to vacate the entry of default against it, but conditioned the vacatur on payment of Plaintiffs' reasonable costs and fees. (Docket No. 43). The Court reserved judgment on the amount of fees to be awarded. (*Id.*). On the same day, Plaintiffs submitted a declaration seeking $12,303.00 in fees. (Decl. Craig B. Sanders, Esq. Supp. Pl.'s Request Attorneys' Fees (Docket No. 45) ("Sanders Decl.") ¶ 20). For the reasons that follow, Plaintiffs' request for fees is granted, but the fees are reduced by sixty percent.

First, as Defendant points out in its opposition (Decl. Kenneth J. Falcon, Esq. Opp'n (Docket No. 47) ("Falcon Decl.") ¶¶ 10-11), the rates charged by Plaintiffs' counsel are excessive. Plaintiffs seek to recover $700 an hour for Mr. Sanders's time and $500 an hour for Mr. Cader's time. (Sanders Decl. ¶ 32). Those rates are above those typically granted in this District to attorneys with similar experience. In fact, as recently as April 2014, Mr. Sanders himself was charging only $525 an hour, *see Nat'l Photo Group, LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *5 (S.D.N.Y. 2014), *adopted by* 2014 WL

5051275 (S.D.N.Y. Oct. 8, 2014), a rate much more in line with those generally approved, *see, e.g.*, *BWP Media USA Inc. v. NV Media Grp., Inc.*, No. 13-CV-8866 (DAB), Docket No. 26 at 3 (reducing Mr. Sanders's rate to $525 an hour); *Genger v. Genger*, No. 14-CV-5683 (KBF), 2015 WL 1011718, at *2-3 (S.D.N.Y. Mar. 9, 2015) (approving $615 an hour and citing cases); *see also Broadcast Music, Inc. v. Bayside Boys, Inc*., No. 12-CV-3717 (CBA) (VMS), 2013 WL 5352599, at *8 (E.D.N.Y. Sept. 23, 2013) (reducing fees to $440 per hour and noting that the award was "toward the high end of fees awarded for partners in copyright cases").  Similarly, $500 an hour is higher than the rates typically approved for associates, even those with many years of experience.  *See, e.g.*, *Genger*, 2015 WL 1011718, at *2 (stating that New York district courts have "recently approved" rates for law firm associates "in the range of $200 to $450 per hour" and listing cases); *Sprint Commc'ns Co. v. Chong*, No. 13-CV-3846 (RA), 2014 WL 6611484, at *7 (S.D.N.Y. Nov. 21, 2014) (finding $375 an hour to be an unreasonably high rate for an associate with seven years of experience and listing cases).

  Second, the hours billed are excessive.  Plaintiffs seek to recover for twenty-three hours of work, on what was (notwithstanding Plaintiffs' assertions to the contrary) a relatively straightforward motion for default judgment.  Moreover, some of the tasks included in counsel's affidavit, such as much of the legal research, are likely be relevant to the merits of the parties' dispute and thus not fairly attributable to Defendant's default.  (*See* Sanders Decl. ¶¶ 22-24).  The Court therefore declines to award those fees as part of the costs incurred in preparing the default judgment motion.  Additionally, counsel devoted excessive amounts of time to relatively simple tasks, including what appears to be nearly two hours spent in phone calls with chambers about routine administrative matters, preparing requests for adjournments, and reviewing straightforward scheduling orders.  Further, although the Court is aware that Plaintiffs had to

abide by the deadline that the Court set for the filling of a default judgment motion, Plaintiffs could have avoided the need to file such a motion entirely if they had reached out to Defendant to determine whether it had obtained new counsel or intended to continue to defend the action.

In short, the Court agrees with Defendant that an across-the-board reduction in the fees sought by Plaintiffs is warranted because the rates charged and the hours worked are excessive. Taking all of those factors into consideration, the Court concludes that a sixty percent reduction is appropriate. *See Toure v. Cent. Parking Sys. of N.Y.*, No. 05-CV-5237 (WHP), 2010 WL 1372589, at *2 (S.D.N.Y. Mar. 26, 2010) (observing that the "Court can reduce fees by a reasonable amount without providing an item-by-item accounting" (internal quotation marks omitted)). Accordingly, it is hereby ORDERED that, **no later than thirty days from the date of this Memorandum Opinion and Order**, Defendant shall pay $4,921.20 to Plaintiff.

SO ORDERED.

Date: June 15, 2015
New York, New York

JESSE M. FURMAN
United States District Judge